84 A.3d 293

Ashley ZAUFLIK, Petitioner

v.

PENNSBURY SCHOOL DISTRICT, Respondent.

Supreme Court of Pennsylvania.

Jan. 16, 2014.

*ORDER*

PER CURIAM.

**AND NOW,** this 16th day of January 2014, the Petition for Allowance of Appeal is **GRANTED, LIMITED TO** the issues set forth below. Allocatur is **DENIED** as to the remaining issue. The issues, as stated by petitioner are:

(1) Does the Act's liability cap violate equal protection principles in this case where (a) the cap reduced the jury's verdict by over 96% because [petitioner] was injured by a local agency [that] operated the school bus; (b) [petitioner] would be entitled to recover the jury's full verdict had a private entity instead operated the school bus, as in commonplace among school districts; and (c) as this Court held forty years ago, political subdivision immunity is "an anachronism, without rational basis" because local agencies may purchase liability insurance and tort liability promotes accountability and accident-prevention? *See Ayala v. Philadelphia Board of Public Educ.,* 453 Pa. 584, 305 A.2d 877, 881–83 (1973).

(2) Does the Act's liability cap violate equal protection principles in this case where (a) Pennsbury purchased $11 million in insurance, funded by taxpayers, including [petitioner's] parents; (b) [petitioner] could recover her judgment at least to the extent of the available insurance; and (c) the Commonwealth Court's majority opinion acknowledged that the available insurance presented "intriguing, and perhaps appealing" issues regarding the Act's constitutionality?

(3) Does the liability cap violate [petitioner's] right to jury trial guaranteed by Article I, Section 6 of the Pennsylvania constitution where Pennsbury did not challenge the verdict's excessiveness yet the liability cap eviscerated the verdict by reducing [petitioner's] recovery by over 96%?

(4) Does the liability cap impermissibly infringe on the judicial power set forth in Article V, Section 1 of the

Pennsylvania constitution by forcing a more than 96% remittitur of the jury's verdict in this case, and thereby usurping the judiciary's exclusive and inherent power to determine remittitur requests?

(5) Does the liability cap violate the open courts provision of Article I, Section 11 of the Pennsylvania constitution by forcing a more than 96% remittitur of the jury's verdict and therefore denying [petitioner] full redress of her injuries?

(6) Does the liability cap violate the guarantee against liability limitations set forth in Article III, Section 18 of the Pennsylvania constitution, where this is not a workers' compensation matter?